UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND,

and

GARY J. MEYERS, in his official capacity
as a fiduciary,

     Plaintiffs,

     v.

LASALLE GLASS & MIRROR CO., d/b/a/
LaSalle Glass & Mirror, d/b/a La Salle Glass
& Mirror Co.,

     Defendant.

Civil Action No. 09-1426 (CKK)

MEMORANDUM OPINION
(April 19, 2010)

     This action is brought by Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Fund") and Gary J. Meyers, a fiduciary on behalf of the Fund (collectively, "Plaintiffs") against Defendant LaSalle Glass & Mirror Company for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Plaintiffs seek to recover unpaid contributions, liquidated damages, interest, late fees as well as attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D) and a collective bargaining agreement entered into under 29 U.S.C. § 185. Although properly and timely served, Defendant have failed to respond to Plaintiffs' lawsuit, and the Clerk of the Court, upon request by Plaintiffs, has since entered default against Defendant. *See* Clerk's Entry of Default, Docket

No. [17]. Presently before the Court is Plaintiffs' [18] Motion for Judgment by Default. Having thoroughly considered the Amended Complaint, Plaintiffs' submissions and attachments thereto, the applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' [18] Motion for Judgment by Default, for the reasons stated below.

## I. BACKGROUND

The Fund is a trust fund established under 29 U.S.C. § 186(c)(5), and its Trustees are fiduciaries and plan administrators for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan") (collectively, with the Fund, the "ERISA Funds"). Am. Compl. ¶ 4. Both the Pension Plan and the Annuity Plan are multiemployer employee benefit pension plans. *Id.* ¶¶ 5-6. Plaintiff Meyers is a fiduciary of the ERISA Funds with respect to the collection of contributions due. *Id.* ¶ 7.

Plaintiffs filed the initial Complaint in the above-captioned matter on July 29, 2009. Defendant failed to answer or otherwise respond to the original Complaint, and the Clerk of the Court entered default against Defendant on October 6, 2009. *See* Clerk's Entry of Default, Docket No. [5]. Plaintiffs thereafter filed a Motion for Judgment by Default. *See* Docket No. [7]. However, before the Court had the opportunity to rule on Plaintiffs' Motion for Judgment by Default, Plaintiffs voluntarily withdrew the motion and simultaneously moved to vacate the Clerk's Entry of Default. *See* Docket Nos. [8] & [9]. The Court granted Plaintiffs' motion and vacated the Entry of Default that had been previously entered against Defendant. *See* 2/24/10 Min. Order.

Plaintiffs, with leave of the Court, subsequently filed an Amended Complaint on March

10, 2010. *See* Am. Compl., Docket No. [13]. As set forth therein, Plaintiffs assert that Defendant has entered into a collective bargaining agreement ("Labor Agreement") with the one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (collectively, the "Union"). *Id.* ¶ 12 & Ex. 1 (Labor Agreement). Plaintiffs also allege that Defendant has agreed to abide by an Agreement and Declaration of Trust of the Fund ("Trust Agreement") as well as plan documents for the ERISA Funds. *Id.* ¶ 13 & Ex. 2 (Trust Agreement), Ex. 3 (copy of plan document for the Pension Plan). Under the Labor Agreement, the Trust Agreement, and the plan documents for the ERISA Funds, Defendant agreed to: make certain contributions to the ERISA Funds based on its employees' work; file monthly remittance reports with the ERISA Funds detailing all employees' work for which contributions were required; produce records necessary to permit the ERISA Funds to conduct an audit; and pay certain costs associated with litigation if Defendant failed to comply with its obligations. *Id.* ¶ 14. Plaintiffs allege that Defendant has failed to make the required monthly payments through January 2010 and that Defendant has otherwise failed to make contributions required under the agreements. *Id.* ¶¶ 17-38.

Pursuant to the terms of those agreements, Plaintiffs assert that they are therefore entitled to: a monetary award for violation of 29 U.S.C. § 1145 in the amount of the unpaid contributions to the ERISA Funds, liquidated damages, interest on the unpaid contributions and late fees as well as costs, audit expenses, and attorneys' fees (Count I); a monetary award for breach of the Labor Agreement (and its incorporated agreements) in the amount of unpaid contributions owed, including liquidated damages, late fees, interest, costs, and reasonable attorneys' fees (Count II); an audit of Defendant's records to determine the amounts owed (Count III); after an audit, a

monetary award for violation of 29 U.S.C. § 1145 in the amount of the contributions found due and owing by the audit, together with late charges, interest, liquidated damages, costs, and fees (Count IV); a monetary award for breach of the Labor Agreement (and its incorporated agreements) for unpaid funds found due and owing by the audit (Count V); and a permanent injunction enjoining Defendant from further violations of the parties' agreements and, in particular, from violating requirements under those agreements providing for the timely filing of remittance reports and timely payment of contributions to the ERISA Funds (Count VI). *Id.* ¶¶ 17-38.

Plaintiffs, in their instant motion, have moved for default judgment seeking: (1) a judgment for $42,930.15 in unpaid contributions, interest, liquidated damages, late fees, and attorneys' fees and costs; (2) an order declaring that the judgment shall continue to bear interest until the date of actual payment; (3) an order requiring Defendant to provide all outstanding remittance reports with all required information to the Fund and to submit to an audit of its wage, payroll, and personnel records within twenty days of entry of judgment; and (4) an order enjoining Defendant to submit to an audit of its wage, payroll, and personnel records. *See* Pl.'s Proposed Order.[1]

---

[1] Plaintiffs' Motion for Judgment by Default and its attached Proposed Order are silent as to Counts IV and V of the Amended Complaint, which seek monetary damages after conclusion of the requested audit. In addition, the Court notes that Plaintiffs have not requested that the Court retain jurisdiction over this matter in order to permit additional or supplement judgments upon conclusion of the audit; to the contrary, Plaintiffs' Proposed Order requests only that the Court make clear that any final "judgment shall not preclude collection of any additional delinquency reported in new forms or discovered in the audit." *See* Proposed Order ¶ 7(c). Accordingly, the Court understands that Plaintiffs are not seeking default judgment as to Counts IV and V of the Amended Complaint and shall therefore DISMISS Counts IV and V WITHOUT PREJUDICE.

Defendant was served with the Amended Complaint on March 10, 2010. *See* Cert. of Service, Docket No. [14]. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant was required to file an answer or otherwise respond to the Amended Complaint by no later than March 24, 2010. Defendant failed to do so, however, and, at Plaintiffs' request, the Clerk of the Court once again entered default against Defendant on March 29, 2010. *See* Clerk's Entry of Default, Docket No. [17]. On April 6, 2010, Plaintiffs filed the now-pending Motion for Judgment by Default. *See* Pl.'s Mot. for Def. J., Docket No. [18]. As of the date of this Memorandum Opinion, Defendant has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent

determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### III. DISCUSSION

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Amended Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that Plaintiffs' Amended Complaint sufficiently alleges facts to support their claims. Plaintiffs are thus entitled to default judgment as to Defendant's liability for its failure to timely pay contributions to the ERISA Funds and to timely submit the remittance reports and other documentation, as required under the terms of Labor Agreement, the Trust Agreement, the plan documents for the ERISA Funds. Plaintiffs seek both monetary and injunctive relief based upon Defendant's failure to timely pay the required contributions and to timely submit the required documents to the Fund. The Court considers each request in turn below.

*A. Monetary Damages*

Although the default establishes a defendant's liability, the Court must make an independent determination of the sum to be awarded in the judgment unless the amount of

damages is certain. *Adkins*, 180 F. Supp. 2d at 17. Under ection 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions; or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

*Id.* § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.* In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a). *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § 515 and a violation of [29 U.S.C. § 185]."); *see*

7

*also Bugher v. Feightner*, 722 F.2d 1356, 1357-60 (7th Cir. 1983) (explaining that ERISA remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of $42,930.15. As set forth in the Declaration of Thomas Montemore, Assistant to the Fund Administrator for the Fund, Plaintiffs have calculated that Defendant owes $20,136.20 in unpaid contributions for September 2009 and for the period of November 2009 through January 2010. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 9(a). Because of Defendant's failure to submit both contributions and remittance reports to the Fund, this amount is an estimate of the unpaid contributions due each of the months at issue based on an average of the three previous months for which reports were submitted multiplied by four months. *See id.* The Court approves this calculation as a reasonable estimate of the unpaid contributions. *Cf. Int'l Painters & Allied Trades Indus. v. Advanced Pro Painting Servs.*, __ F. Supp. 2d __, Civ. Act. No. 09-313, 2010 WL 1069161, * 4 (D.D.C. Mar. 24, 2010) (accepting plaintiffs estimate of damages based on an average of unpaid contributions reported in previous two months); *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) ("In light of the defendant's failure to provide periodic reports or allow the plaintiffs access to the defendant's books and records, the court accepts the plaintiffs' estimation of delinquent contributions as accurate as possible under the circumstances."); *R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 31-32 (granting request for damages based in part on estimates of money owed based on prior remittance reports).

In addition, Plaintiffs have adequately demonstrated that Defendant owes interest on the

unpaid amounts through February 28, 2010, in the amount of $520.14, based on the total amount of unpaid contributions indicated above and the fluctuating IRS interest rate as provided in section 10 of the Pension Plan, which adopts the ERISA standard. Montemore Decl. ¶ 9(b); *see also* Am. Compl., Ex. 3 (copy of plan document for the Pension Plan) § 10.12(b). Plaintiffs have also calculated that they are entitled to liquidated damages as well in the amount of twenty percent of the total unpaid contributions, as provided for both in 29 U.S.C. § 1132(g)(2) and in section 10 of the Pension Plan, which amount equals $9,624.31. Montemore Decl. ¶ 9(c); *see also* Am. Compl., Ex. 3 (copy of plan document for the Pension Plan) § 10.12(b). Additionally, pursuant to 29 U.S.C. § 1132(g)(2) and section 10.12 of the plan documents, which both permit an award of "other legal or equitable relief the Court deems appropriate," Plaintiffs seek, and the Court finds that they are entitled to, an award of late charges in the amount of $84.67 for the period of March 2009 based on Defendant's late payment of certain contributions that were paid prior to litigation. Montemore Decl. ¶ 9(d); *see also* Am. Compl., Ex. 3 (copy of plan document for the Pension Plan) § 10.12(b).

Finally, Plaintiffs request an award of attorneys' fees and costs in the amount of $12,563.03. *See* Pls.' Mot. for J. by Default, Ex. 5 (Decl. of Dawn M. Costa) ¶ 2. Plaintiffs have attached supporting documentation showing that they have incurred $11,513.00 in attorneys' fees and $1,050.03 in costs in litigating this action. *Id.*, Ex. 6 (time and expense detail). This is based on 53.90 hours of attorney and paralegal time at rates of $220 per hour and $70 per hour, respectively, plus expenses for the filing fee, photocopies, and various other items. *See generally id.* Plaintiffs have provided documentation showing that these rates are reasonable for the services rendered. Accordingly, the Court shall award the attorneys' fees and costs requested.

Thus, the total money judgment for Plaintiffs shall be $42,930.15.

   B.   *Injunctive Relief*

Plaintiffs also seek injunctive relief in the form of an order directing Defendant to complete and provide to the Fund any and all outstanding remittance reports with supporting information and to submit to an audit of its wage, payroll, and personnel records. As indicated previously, under the terms of the relevant agreements, Defendant is obligated to submit monthly remittance reports and corresponding fringe benefit contributions to the Fund. Montemore Decl. ¶ 8; *see also* Am. Compl., Ex. 2 (Trust Agreement), Art. VI, § 5. In addition, the relevant agreements obligate Defendant to produce all of its payroll books and records and any other financial records needed by the Fund's auditors to conduct a contribution compliance audit to determine the precise amount owed to the ERISA Funds. Montemore Decl. ¶¶ 11-12; *see also* Am. Compl., Ex. 1 (Labor Agreement), Art. 20, § 3.3; *id.*, Ex. 2 (Trust Agreement), Art. VI, § 6. Accordingly, the Court finds that Plaintiffs have demonstrated that they are entitled to the requested injunctive relief under the terms of the relevant agreements. The Court shall therefore order Defendant to complete and submit to the Fund, within twenty days of the entry of the Court's Order, any and all outstanding remittance reports with all required information. In addition, the Court shall order Defendant to submit to an audit of its wage, payroll, and personnel records within twenty days of the date of the entry of the Court's Order. Defendant shall bear the costs of any such audit.

### IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiffs' [18] Motion for Judgment by Default. The Court shall award damages in the amount of $42,930.15 as well as

order that Defendant provide the Fund with all outstanding remittances and submit to an audit of its records. An appropriate Order accompanies this Memorandum Opinion.

Date: April 19, 2010

                                              */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        United States District Judge